■ CLIFTON CAMPBELL, JR., Plaintiff, v CITY OF NEW YORK et al., Defendants, and MEDIAONE OF NEW YORK, INC., Formerly Known as MEDIAONE OF GREATER NEW YORK, INC., Now Known as COMCAST OF BOSTON, INC., Defendant and Third-Party Plaintiff-Respondent. JOHN CAULFIELD FIBER OPTIC SERVICES, INC., Third-Party Defendant; GLOBAL RENTAL CO., INC., Third-Party Defendant-Appellant. [855 NYS2d 232]—

In an action to recover damages for personal injuries, the third-party defendant Global Rental Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 30, 2007, as, upon renewal and reargument, adhered to its prior determination in an order dated November 30, 2006, denying that branch of the motion of the third-party defendants John Caulfield Fiber Optic Services, Inc., and Global Rental Co., Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant Global Rental Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the time of the subject accident, the plaintiff was employed by the third-party defendant John Caulfield Fiber Optic Services, Inc. (hereinafter JCFOS), as a cable splicer. The plaintiff traveled from utility pole to utility pole in a bucket truck provided by his employer and owned by the third-party defendant Global Rental Co., Inc. (hereinafter Global), to install an amplifier box into a cable television line. The cable television line was owned by the defendant third-party plaintiff, Mediaone of New York, Inc., formerly known as Mediaone of Greater New

York, Inc., now known as Comcast of Boston, Inc. (hereinafter Media One). When he reached a particular pole which was located on "New York Water Shed Property," the plaintiff climbed up the pole instead of using the bucket truck to reach Media One's cable television line. As he climbed up the pole, his equipment fell to the ground, and he asked a coworker to convey his equipment to him using the bucket truck. The bucket truck that the plaintiff was using was located at the crest of an incline, and the coworker accessed the truck, moved it closer to the edge of the incline, and exited the truck with the engine still engaged. It was necessary to keep the engine running to operate the boom from the bucket. After the coworker extended the boom and prepared to hand the equipment to the plaintiff, the truck slid down the embankment, striking the wire that supported the pole. The pole snapped, and the plaintiff fell with it.

The plaintiff commenced this action against, among others, Media One, and Media One commenced a third-party action against, among others, Global, asserting a cause of action pursuant to Vehicle and Traffic Law § 388. JCFOS and Global moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against Global, contending that section 388 did not apply to this case since the truck was not being used as a vehicle on a public highway at the time of the accident. The Supreme Court denied the motion, and upon renewal and reargument, adhered to its prior determination. We affirm.

Global failed to establish, prima facie, that Vehicle and Traffic Law § 388 did not apply to this case. A triable issue of fact exists as to whether the manner in which the coworker operated the vehicle portion of the truck contributed to the accident (see Vehicle and Traffic Law § 388; cf. Monell v International Bus. Machs. Corp., 47 AD2d 637 [1975], affd 38 NY2d 888 [1976]). Additionally, pursuant to Vehicle and Traffic Law § 388 (2), it is immaterial that the subject truck was not operated on a public highway. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.